UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00198-HBB

ANITA J. HOUCHENS											PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security								DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Anita J. Houchens ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 18) have filed a Fact and Law Summary. For the reasons that follow, judgment is granted for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered February 20, 2018 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on April 29, 2013[1] (Tr. 8, 184-85). Plaintiff alleged that she became disabled on December 10, 2012, because of depression, panic attacks, anxiety attacks, emotional issues, nerve issues, degenerative disc disease, chronic back pain, asthmatic bronchitis, chronic cough, and allergies (Tr. 8, 202). Administrative Law Judge John R. Price ("ALJ") conducted a video hearing from Louisville, Kentucky on June 23, 2014 (Tr. 8, 58-60). Plaintiff and her attorney, Charles Dale Burchett, participated in the hearing from Bowling Green, Kentucky (Id.). Also present and testifying was William R. Harpool, an impartial vocational expert (Id.).

In a decision dated July 25, 2014, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 8-16). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 10, 2012, the alleged onset date (Tr. 10). At the second step, the ALJ determined that Plaintiff has the following "severe" impairments: lumbar degenerative disc disease, degenerative joint disease of the hip, sinus congestion, anxiety, and depression (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 10-11).

At the fourth step, the ALJ made the following finding with regard to Plaintiff's residual functional capacity:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift a maximum of up to 20 lbs. occasionally and 10 lbs. frequently; can stand/walk 2/8 hours and sit for 6/8 hours with a sit/stand option at 30 minute

---

1 The ALJ's decision indicates Plaintiff filed the application on April 28, 2013 (Tr. 8). The earlier date may be a protective filing date for the application.

> intervals with 1-2 minutes for the change; no climbing of ladders/ropes/scaffolds; occasional climbing of ramps/stairs, bending, stooping, kneeling, crouching, and crawling; must avoid concentrated dust, gas, fumes and pulmonary irritants; only simple, routine, 1-2 step tasks in a low stress setting with no fast-paced or production rate demands or quotas; no interaction with the general public or settings with crowds of greater than 10 people; and only occasional, superficial interaction with coworkers/supervisors.

(Tr. 11-12). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work (Tr. 15).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 15-16). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 16). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 10, 2012 through the date of the decision, July 25, 2014 (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 54-56). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion,

4

even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

### Challenged Findings

Plaintiff disagrees with Finding No. 5 which sets forth her residual functional capacity ("RFC") (DN 13 PageID # 498-500). Plaintiff also disagrees with Finding Nos. 10 and 11 which, respectively, set forth a vocational finding at the fifth step and the ALJ's conclusion regarding the issue of disability (Id. PageID # 501).

A.

1. The Parties' Arguments

Plaintiff argues the RFC set forth in Finding No. 5 contains conflicting durational limits (DN 13 PageID # 498-99). Plaintiff explains that the RFC includes a two-hour limitation on standing in an eight-hour work day and a sit/stand option that allows Plaintiff to alternate between the two positions every 30 minutes, while taking a one-to-two-minute break to make the change (Id.). Plaintiff asserts that if she utilized the "full sit/stand option" at 30-minute intervals, she would far exceed her two-hour limitation on standing in an eight-hour work day (Id.).

Plaintiff asserts that the vocational expert ("VE") testified that jobs consistent with this two-hour standing and walking limit would be more in the sedentary range (DN 13 PageID # 499-500, citing Tr. 86). Plaintiff points out that the VE went on to identify representative occupations in reduced numbers in the sedentary range (Id.). Citing language in Social Security Ruling 96-9p ("SSR 96-9p"), Plaintiff argues that the ALJ should have given further consideration to the extent the occupational base for a full range of unskilled sedentary work was eroded by the sit/stand option that allows Plaintiff to alternate between the two positions every 30 minutes while taking a one-to-two-minute break to make the change (Id.).

Defendant observes that Plaintiff is contending the sit/stand option in the RFC (and by extension, the hypothetical question to the vocational expert) would far exceed the two hours of standing permitted by the RFC (DN 18 PageID # 515-16). First, Defendant points out that the ALJ's hypothetical question included this sit/stand option and the VE responded by identifying several jobs Plaintiff could perform (Id.). Defendant asserts that Plaintiff has not shown the VE misunderstood the hypothetical question (Id.). Therefore, it was reasonable for the ALJ to rely on the VE's testimony (Id.). Secondly, Defendant indicates that the VE explained that he considered

7

and accommodated for the two-hour standing limitation with a sit/stand option by identifying sedentary jobs which provide an option to stand up after so many minutes of sitting (Id. citing Tr. 86-87).

Defendant asserts that Plaintiff's second argument appears to misunderstand the ALJ's decision and SSR 96-9p (DN 18 PageID # 517-). Defendant explains that SSR 96-9p does not apply here because the RFC limited Plaintiff to less than a full range of light, not sedentary, work (Id.). Nonetheless, Defendant contends that the ALJ complied with SSR 96-9p because he elicited testimony from the VE addressing the affect that the two-hour standing limitation with a sit/stand option would have on the sedentary occupational base (Id.).

2. Discussion

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546; Social Security Ruling 96-5p; Social Security Ruling 96-7p.

In pertinent part, the RFC indicates that in an eight-hour workday Plaintiff can stand/walk a total of two hours and sit a total six hours with a sit/stand option at 30-minute intervals with one to two minutes for the change (Tr. 11). Plaintiff argues that if she changed her position every 30 minutes she would stand/walk more than two hours and sit less than six hours in an eight-hour work day. The Court finds Plaintiff's first argument unconvincing because it is based on a misunderstanding or misinterpretation of what is actually set forth in the RFC.

The RFC unambiguously establishes the total number of hours that Plaintiff can sit and stand in an eight-hour workday. The sit/stand option does not modify or conflict these exertional

8

limitations. Rather, it provides Plaintiff with the discretion to decide when she wants to stand. For example, Plaintiff could sit for 90-minute intervals and then stand for 30-minute intervals throughout the day. Her total hours of sitting and standing would be consistent with the exertional limitations in the RFC. The Court concludes that the RFC, including this challenged exertional limitation, is supported by substantial evidence in the record and comports with applicable law.

The hypothetical question to the VE included these exertional limitations with the sit/stand option (Tr. 85). The VE manifested his understanding by identifying sedentary jobs identified in the Dictionary of Occupational Titles ("DOT") (Tr. 85-86). The VE explained that "[m]ost sedentary jobs, they give you the option to stand up after so many minutes of sitting. By definition, they're sitting six of eight, standing a couple of hours." (Tr. 86-87).

Regarding Plaintiff's second argument, the purpose of SSR 96-9p is to explain the Social Security Administration's policies about the impact of an RFC that limits a claimant to "less than a full range of sedentary work on an individual's ability to do other work." 1996 WL 374185, at *1 (July 2, 1996). Here, the RFC limited Plaintiff to performing less than a full range of light work. Thus, Plaintiff's reliance on SSR 96-9p is misguided. Nevertheless, SSR 96-9p essentially directs that when an RFC limits a claimant to less than a full range of sedentary work, the Administrative Law Judge should consult with a VE to assess "the extent of the erosion of the occupational base, examples of occupations the individual may be able to perform, and citations of the existence and number of jobs in such occupations in the national economy." Id. at *9. The transcript of the administrative hearing and the ALJ's decision indicate that is exactly what the ALJ did in this case (Tr. 15-16, 85-87). Thus, there is no merit to Plaintiff's second argument.

B.

1.  The Parties Arguments

As previously mentioned, Plaintiff challenges Finding Nos. 10 and 11 which, respectively, set forth a vocational finding at the fifth step and the ALJ's conclusion regarding the issue of disability (DN 13 PageID # 501). Regarding Finding No. 10, Plaintiff argues the ALJ's finding "that there remain significant numbers of jobs which the plaintiff can perform given the adjudged RFC is not supported by substantial evidence for the reasons previously stated" (Id.). As to Finding No. 11, Plaintiff asserts "[f]or the reasons stated above and otherwise appearing in the oral documentary record, the ultimate finding that the plaintiff is not disabled is not supported by substantial evidence" (Id.). Defendant essentially reiterates her position that substantial evidence supports both findings (DN 18 PageID # 518).

2.  Discussion

At the fifth step, the Commissioner has the burden of demonstrating there exist a significant number of jobs in the local, regional and national economies that the claimant can perform, given his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 684 (6th Cir. 1992); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). When a claimant's age, education, previous work experience, and residual functional capacity coincide with all the criteria of a Grid Rule in Appendix 2 of the regulations, referred to as the medical-vocational guidelines, the Commissioner may rely on that Grid Rule to meet this burden. 20 C.F.R. §§ 404.1569, 416.969; Grid Rule 200.00; Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1174 (6th Cir. 1990); Moon, 923 F.2d at 1181. However, if a claimant's age, education,

previous work experience, and residual functional capacity do not coincide with all the criteria of a Grid Rule, the Commissioner is limited to using the Grid Rule as a framework in the decision-making process and must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. §§ 404.1566(e), 416.966(e); Born, 923 F.2d at 1174; Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 531, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). For example, if the claimant suffers from an exertional and a non-exertional impairment then the Grids may be used only as a framework to provide guidance for decision making. 20 C.F.R. §§ 404.1569a(d) and 416.969a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); Abbot v. Sullivan, 905 F.2d 918, 926-927 (6th Cir. 1990); Cole v. Sec'y of Health & Human Servs., 820 F.2d 768, 771 (6th Cir. 1987); Kirk, 667 F.2d at 528-529.

Here, the ALJ made a non-guideline determination based on the testimony of a VE. After having reviewed the record and the ALJ's decision, the Court finds that the RFC and Finding Nos. 10 and 11 are supported by substantial evidence in the record and comport with applicable law. To the extent that Plaintiff's challenge to Finding No. 11 alludes to "reasons otherwise appearing in the oral and documentary record," it will be deemed waived because of a failure to specify what those reasons are, where they appear in the record, and the lack of some effort to provide a developed argument. United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion).

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:    Counsel